UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 28 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALLEN M. HOFMANN, | * | CIV 04-4141 |
| | * | CR 02-40108 |
| Movant, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On September 13, 2004, Allen M. Hofmann ("Hofmann"), appearing *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 for relief from an unconstitutional sentence. He asserts that his sentence violates the Sixth Amendment because it is based on factors that were not found by a jury beyond a reasonable doubt. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On August 25, 2003, following a four day jury trial, Hofmann was convicted of conspiracy with intent to distribute anabolic steroids in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 51 months of imprisonment followed by 3 years of supervised release. (Doc. 123.) Hofmann appealed his conviction and sentence, doc. 124, but later dismissed his appeal, doc. 138. This motion followed.

## DISCUSSION

Hofmann contends that his sentence is unconstitutional in light of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Specifically, he argues that the enhancement of his sentence under the federal sentencing guidelines based on the Court's findings by a preponderance of the evidence that he abused a position of trust and that he had an aggravating role in the offense violated his Fifth and Sixth Amendment rights. (Doc. 14, Reply Memorandum.) In *Blakely*, the Supreme Court ruled that a Washington state sentencing guideline scheme violated the defendant's Sixth Amendment right to trial by jury by permitting his sentence to be enhanced above the guideline range based on factors not found

by a jury beyond a reasonable doubt, even though the resulting sentence was less than the statutory maximum. *See id.* 124 S.Ct. at 2537.

Later, in *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held first that the Sixth Amendment right to a jury trial, as construed in *Blakely*, attaches to findings that enhance a defendant's sentence under the federal sentencing guidelines. *Id.* at 748-56. In a separate majority opinion, the Court invalidated the provisions of the Sentencing Reform Act that make the federal guidelines mandatory. The Court concluded that the Act, so modified, "makes the Guidelines effectively advisory." *Id.* at 756-69. After *Booker*, a sentencing court is required "to consider Guidelines ranges" but is permitted "to tailor the sentence in light of other statutory concerns as well. . . ." *Id.* at 756 (citing 18 U.S.C. § 3553(a)).

The parties argee that, in order for Hofmann to prevail in this case, the Court would have to find that the holding in *Booker* applies retroactively. The Court appointed a lawyer for Hofmann to prepare a brief regarding retroactive application of *Booker* to cases on collateral review. (Doc. 16.) After Hofmann's brief was filed, the Eighth Circuit issued its opinion in *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005), holding that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Thus, Hofmann cannot collaterally attack his sentence on the basis of *Booker*. Accordingly,

IT IS ORDERED that Allen Hofmann's motion for reduction of his sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated this 28th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
(SEAL)   DEPUTY

2